IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Sikes II,<br><br>    Plaintiff<br><br>        v.<br><br>Cuevas, et al.,<br><br>    Defendants | CIVIL NO. 06-2061(GAG/MEL) |

**OPINION AND ORDER**

**I.   Introduction.**

On October 16, 2006, plaintiff Spencer E. Sikes II ("Sikes") d/b/a Bajari Music Productions, filed the complaint in this case against: (1) Carlos Cuevas; (2) Maximiliano Pérez; and (3)Enrique Rodríguez ("Rodríguez") (collectively, "defendants"), alleging copyright infringement pursuant to the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq., and state law claims for breach of contract.  Docket No. 1.

On November 15, 2007, Sikes filed a motion for summary judgment and a statement of uncontested facts.  Docket Nos. 68 and 69.  Said statement of uncontested facts makes reference to a request for admissions that Sikes had sent to the defendants.  Docket No. 68, Exhibit 1. Defendants opposed the request for summary judgment on November 28, 2007.  Docket No. 72. They attached the response to the request for admissions to their statement of contested facts. Docket No. 73.

Having reviewed the parties' statements of contested and uncontested facts, exhibits and memoranda of law, the court hereby denies Sikes's request for summary judgment as genuine issues of material fact exist which preclude summary judgment.

## II.   Summary Judgment Standard

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), 28 U.S.C.; see also Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52. (1st Cir. 2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." See Fed.R.Civ.P. 56(c), 28 U.S.C. The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. Suárez v. Pueblo Int'l, Inc., 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the

potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment." Id., at 252. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F. 2d 932, 936 (1st Cir. 1987).

Finally, when considering a request for summary judgment, unsettled issues of motive and intent as to the conduct of any party will normally preclude the court from granting summary judgment. Mulero-Rodríguez v. Ponte, Inc., 98 F. 3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury") (internal quotation marks omitted) (citation omitted); see also Tew v. Chase Manhattan Bank, N.A., 728 F. Supp. 1551, 1555 (S.D.Fla. 1990) ("Certain issues such as fraud, intent, and

Civil No. 06-2061 (GAG/MEL)                                                                                              4

knowledge lend themselves to trial, rather than summary judgment. These matters can often only be proved by reliance upon circumstantial evidence except in the rare case where there is uncontroverted proof of a 'smoking gun.'"); Pearson v. First N H Mortgage Corp., 200 F. 3d 30, 35, n.2 (1st Cir. 1999). However, "even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences [or] unsupported speculation." Ayala-Genera v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996).

### III.   Analysis & Discussion

**A.   Breach of contract claims.**

Plaintiff contends that defendants breached an oral agreement between him and the defendants pursuant to which Sikes would manage a musical band formed by defendants, known as "Barco de Papel" (the "Band"). It is uncontested that defendants had an oral agreement with the plaintiff. Docket No. 68, Exhibit 1 (Request for Admissions, ¶ 45); Docket No. 73, Exhibit 1 (Response to Request for Admissions, ¶ 45). It is also uncontested that the parties had agreed to make a musical production, along with a television video, financed by Sikes. Docket No. 68, Exhibit 1 (Request for Admissions, ¶ 47); Docket No. 73, Exhibit 1 (Response to Request for Admissions, ¶ 47). Defendants agreed to promote the selling of the music production by making appearances on several artistic events under Sikes' music production company, Bajari Music Productions. Docket No. 68, Exhibit 1 (Request for Admissions, ¶47); Docket No. 73, Exhibit 1 (Response to Request for Admissions, ¶47).

Sikes claims that defendants breached said oral agreement by failing to appear to several activities that he had scheduled for the Band and failing to promote the musical album produced and

financed by Sikes. Docket No. 68, Exhibit 1 (Request for Admissions, ¶ 11). Moreover, Sikes claims that defendants acted "negligently and in bad faith against [plaintiff's] interests" when they contracted Mr. Jorge Laboy ("Laboy"), whom they met during the recording of the album produced by Sikes, to make the musical arrangements for the recording and production of a second album, which "competed directly" with the first album. These actions, Sikes asserts, made it impossible to sell the album he produced. Docket No. 1, ¶¶ 32-37.[1]

A review of the request for admissions submitted with the motion for summary judgment and the answers to said requests provided in the opposition to the motion for summary judgment reveals that there are several issues of fact as to the breach of contract claim. For instance, defendants deny that a second production was made with Laboy that competed with the first production. Docket No. 68, Exhibit 1 (Request for Admissions, ¶ 17); Docket No. 73, Exhibit 1 (Response to Request for Admissions, ¶17). Defendants also deny that they received profits from the sales of the second music production. Docket No. 68, Exhibit 1 (Request for Admissions, ¶ 18); Docket No. 73, Exhibit 1 (Response to Request for Admissions, ¶18). Furthermore, there is an issue of fact as to whether defendants breached their oral agreement with plaintiff by failing to attend several activities that plaintiff had scheduled for the Band. Docket No. 68, Exhibit 1 (Request for Admissions, ¶ 11); Docket No. 73, Exhibit 1 (Response to Request for Admissions, ¶11).

There are controversies of fact as well regarding what was discussed in a meeting between Sikes and Rodríguez regarding the Band. Docket No. 68, Exhibit 1 (Request for Admissions, ¶ 32); Docket No. 73, Exhibit 1 (Response to Request for Admissions, ¶32). The parties are also in dispute as to whether they verbally agreed that Sikes would supervise the production of the album and

---

[1] Sikes alleges that he was left with almost three thousand copies of the recording stored. Docket No. 1, ¶ 28.

Civil No. 06-2061 (GAG/MEL)                                                                                          6

manage the Band's professional interests.  Docket No. 68, Exhibit 1 (Request for Admissions, ¶ 33); Docket No. 73, Exhibit 1 (Response to Request for Admissions, ¶33).  There are even factual disputes as to whether two other musicians were considered and chosen to be part of the Band. Docket No. 68, Exhibit 1 (Request for Admissions, ¶ 34); Docket No. 73, Exhibit 1 (Response to Request for Admissions, ¶34).

Many of these factual allegations revolve around an oral agreement.  At this stage, drawing all reasonable inferences in favor of the party opposing the motion for summary judgment, the court concludes that said motion ought to be denied on the breach of contract claims.

**B.     Copyright infringement.**

Plaintiff claims that defendants used at least five pictures taken to them by photographers hired by Sikes, which are works made for hire,[2] and which are registered to him in the U.S. Copyright Office, in a website dedicated to the promotion of the Band.  Sikes asserts that these actions infringed his copyrights over said pictures because he never authorized their use by defendants and because defendants have never made any payments to him for the use of the pictures. Docket No. 1, ¶¶ 40-45.

---

[2] A "work made for hire" is-
(1) a work prepared by an employee within the scope of his or her employment; or
(2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire. For the purpose of the foregoing sentence, a "supplementary work" is a work prepared for publication as a secondary adjunct to a work by another author for the purpose of introducing, concluding, illustrating, explaining, revising, committing upon, or assisting in the use of the other work, such as forewords, pictorial illustrations, maps, charts, tables, editorial notes, musical arrangements, answer material for tests, bibliographies, appendixes, and indexes, and an "instructional text" is a literary, pictorial, or graphic work prepared for publication and with the purpose of use in systematic instructional activities.
17 U.S.C. § 101.

Civil No. 06-2061 (GAG/MEL)                                                                                      7

With regard to this claim there are several material facts in dispute. Although defendants admit that these pictures were taken in activities of Band (at presentations or at a studio) and that they used the pictures in a website, they dispute that these photographs are registered to plaintiff or that he was entitled to retain copyrights over the photographs taken of the defendants. Docket No. 68, Exhibit 1 (Request for Admissions, ¶¶ 21-23); Docket No. 73, Exhibit 1 (Response to Request for Admissions, ¶¶ 21-23); Docket No. 72 at 5. Furthermore, there is an issue of fact as to whether defendants knew that those pictures were going to be used for promotional purposes. Docket No. 68, Exhibit 1 (Request for Admissions, ¶ 24); Docket No. 73, Exhibit 1 (Response to Request for Admissions, ¶ 24). Since the only evidence that plaintiff has submitted with his motion for summary judgment is a request for admissions, the court is not in a position to grant summary judgment on this matter.

In light of the above genuine issues of material facts, the court must indulge all justifiable inferences in defendants' favor and deny plaintiff's request for summary judgment as to the copyright infringement claims.

### IV.   CONCLUSION

In view of the foregoing, Sikes' motion for summary judgment (Docket Nos. 68-69) is hereby DENIED.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 2nd day of December, 2007.

                 s/MARCOS E. LÓPEZ
                 UNITED STATES MAGISTRATE JUDGE